[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] We have sua sponte consolidated these cases for purposes of appeal.
 JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Following a jury trial, defendant-appellant Charles Jackson was convicted of four counts of kidnapping with accompanying firearm specifications, three counts of robbery, and three counts of aggravated robbery with accompanying firearm specifications. The trial court sentenced Jackson to a total of 37 years in prison. Jackson now appeals, raising two assignments of error. For the following reasons, we affirm the findings of guilt, but vacate Jackson's sentences and remand for a new sentencing hearing.
Jackson's convictions stemmed from his robberies of four different Family Dollar Stores located in the communities of Springfield Township, Bond Hill, Norwood, and Kennedy Heights. Jackson brandished a firearm in all but the Springfield Township robbery. In his first assignment of error, Jackson argues that his convictions were against the weight and sufficiency of the evidence.
When reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court must examine the evidence admitted at trial in the light most favorable to the prosecution and determine whether such evidence could have convinced any rational trier of fact that the essential elements of the crimes were proved beyond a reasonable doubt.[2] In reviewing a claim that a conviction was against the manifest weight of the evidence, this court must review the record, weigh the evidence, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.[3]
Jackson claims that his kidnapping and robbery convictions stemming from the Springfield Township store were based upon insufficient evidence of force or harm, or threat of force or harm. But the evidence demonstrated that Jackson terrorized two store employees by choking one and tying up the other, and by threatening to hurt them if they failed to cooperate. Jackson stole the store's cash and surveillance videotape and fled from the store.
Jackson argues that the state failed to prove operability for the firearm specifications stemming from his robberies of the Bond Hill, Norwood, and Kennedy Heights stores. In determining whether an accused possessed an operable firearm at the time of an offense, a jury may consider all relevant facts and circumstances surrounding the crime.[4]
The jury may consider circumstantial evidence, including implicit or explicit representations or actions by the accused.[5] In each offense, Jackson displayed a firearm as he threatened the victims to do as he instructed so that they would not be hurt. We hold that the jury could have reasonably inferred from the evidence that an operable firearm was used in each of the offenses.
Jackson also argues that the identification testimony was weak, especially in light of his alibi evidence. The state's identification testimony was not weak at all. The manager in the Springfield Township store had spoken to Jackson as he pretended to shop, just minutes before the robbery. The manager directed police to certain items that Jackson had touched while shopping, and police discovered Jackson's fingerprint on at least one of the items. Witnesses from the other three robberies also viewed Jackson during the offenses in their respective stores, and they had selected Jackson's photograph from police photographic arrays. Moreover, the jury was free to reject Jackson's alibi evidence.
Because Jackson's convictions were based upon sufficient evidence and were not against the manifest weight of the evidence, we overrule the first assignment of error.
Jackson's second assignment of error challenges the trial court's sentencing procedure. First, Jackson correctly points out that the trial court imposed consecutive sentences without verbally making the required findings at the sentencing hearing. Here, the trial court was commendably thorough in detailing its findings on the sentencing worksheets, including the necessary R.C. 2929.14(E)(4) findings for imposing consecutive sentences. But the court did not verbalize these findings at the sentencing hearing as it was required to do.[6] Further, the record shows that the court failed to verbally notify Jackson at the sentencing hearing that he could be subject to post-release control and about the ramifications of violating a condition of post-release control, as required by R.C. 2929.19(B)(3).[7]
Finally, with respect to the case numbered B-0312250, the court should have sentenced Jackson to only one three-year term of actual incarceration for the firearm specifications in that case because the aggravated-robbery and kidnapping offenses were part of the same transaction within the meaning of R.C. 2929.14(D)(1)(b).[8] While the sentencing entry in the case numbered B-0312250 properly reflects a total prison term of ten years, the entry improperly reflects the imposition of two additional three-year terms for firearm specifications.
Accordingly, we sustain Jackson's second assignment of error. We vacate Jackson's sentences and remand this matter for resentencing and for correction of the court's record in accordance with law and this judgment entry. We affirm the judgment in all other respects.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Hendon, JJ.
[2] See State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541.
[3] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.
[4] See Thompkins, supra, at paragraph one of the syllabus.
[5] See R.C. 2923.11(B)(2).
[6] See State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473.
[7] See State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864.
[8] See State v. Hill, 1st Dist. No. C-020137, 2002-Ohio-7079.